IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KEVIN DEWAYNE WATERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-04-1761-L |
| | ) | |
| THE CITY OF LAWTON, a municipal corporation, WILLIAM "CLIFF" BLASENGAME, individually and in his official capacity, CHARLES WHITIS, individually and in his official capacity, DAVID SCHUCKER, individually and in his official capacity, CYNTHIA MILLER, individually and in her official capacity, WILLIAM C. RILEY, individually and in his official capacity, ROBERT SCHULTE, individually and in his official capacity, THE STATE OF OKLAHOMA AND JOHN DOES 1-10, individually and in their official capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **O R D E R**

Plaintiff Kevin Dewayne Waters brings this action in federal court against

defendants The City of Lawton, a municipal corporation, William "Cliff"

Blasengame, individually and in his official capacity, Charles Whitis, individually

and in his official capacity, David Schucker, individually and in his official

capacity, Cynthia Miller, individually and in her official capacity.[1]  Generally speaking, plaintiff's claims arise from his arrest on May 9, 1998 for allegedly making an indecent proposal to a minor under the age of sixteen by electronic means.

This matter is before the court the following Motions to Dismiss filed by the defendants who have appeared in this action: **(1)** Motion to Dismiss of Defendant, City of Lawton  **[Doc. No. 6]**; **(2)** Motion to Dismiss of Defendants [Blasengame, Whitis and Schucker], Lawton Police Officers (In Their Official Capacities) **[Doc. No. 7]**; **(3)** Defendants, Blasengame, Whitis and Schucker, in Their Individual Capacities, Motion to Dismiss **[Doc. No. 10]**; and **(4)** Defendant Cynthia Miller's Motion to Dismiss **[Doc. No. 11]**.  Due to similarity of issues, the parties have also generally incorporated by reference the arguments and authorities cited in other briefs where appropriate.  Plaintiff has responded to the dismissal motions and in some cases reply briefs were allowed by the court.  Based upon a thorough review of the motions and responses, as well as the complaint filed in this matter, the court concludes that plaintiff's complaint should be dismissed, as more fully set forth below.

---

[1] Plaintiff's complaint also names as defendants William C. Riley, individually and in his official capacity, Robert Schulte, individually and in his official capacity, The State of Oklahoma and John Does 1-10, individually and in their official capacity. The named defendants have not been served with process within the time limits provided by Fed. R. Civ. P. 4(m) and the John Doe defendants have yet to be identified.

It is well settled that a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). The complaint must be construed in the light most favorable to plaintiff and all factual allegations in the complaint must be presumed to be true. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Meade, 841 F.2d at 1526.

Federal Rule of Civil Procedure 12(h)(3) provides that, "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." The Tenth Circuit has held that a court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974) (citations omitted). The party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction exists, but since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence. Id., (citations omitted).

As federal courts are courts of limited jurisdiction and require both constitutional and statutory authority to adjudicate a case, and because important values of federalism and separation of powers are implicated in the limited jurisdiction of federal courts, the court should be mindful of its duty to avoid

deciding what it lacks the authority to decide.  <u>Estate of Harshman v. Jackson Hole Mountain Resort Corp.</u>, 379 F.3d 1161, 1164 (10th Cir. 2004), *citing* <u>Steel Co. v. Citizens for a Better Env't.</u>, 523 U.S. 83, 94-95 (1998).

28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).

Paragraph 1 of plaintiff's complaint alleges: "This action is brought for relief under the Civil Rights Act of 1866, 42 U.S.C. § 1983, in addition to pendent state law claims."  Paragraph 2 asserts: "Jurisdiction and pendent jurisdiction are present pursuant to 28 U.S.C. §§ 1331, 1343 & 1367 to consider these claims as well as Plaintiff's claims arising under state law."  The complaint contains a section of "Material Facts Relevant to All Causes of Action" (¶¶ 13-20) and a section entitled "Tort Claim Notice Information" (¶¶ 21-24).  The complaint continues with eight numbered causes of action including negligence, tortious interference with employment, malicious prosecution, false arrest/imprisonment, fraud, false light/defamation, intentional infliction of emotional distress, and

negligent training and supervision.  These eight claims are rather generic in nature.  Plaintiff's Ninth Cause of Action is entitled "Violation of 42 U.S.C. § 1983" and states:

> 51.  Plaintiff incorporates all prior allegations as though specifically set forth herein.
>
> 52.  At all times relevant herein, the Defendants were acting under the color of state law and violated statutory or constitutional rights of the Plaintiff.
>
> 53.  Plaintiff was denied Equal Protection of the laws of the United States of America and the state of Oklahoma by the actions of the Defendants, in violation of Plaintiff's Federal and State Constitutional rights as well as various federal and state statutes.
>
> 54.  The practices of Defendants, individually and through their agents or employees, were intentionally and deliberately indifferent to the federally protected rights of Plaintiff.

The court finds that plaintiff's incorporation by reference in his Ninth Cause of Action of his previous eight generic tort claims is insufficient for the court to find that plaintiff has sufficiently alleged the deprivation of a federal right.  Even though plaintiff's ninth claim for relief generally states that defendants have violated his "statutory or constitutional rights" and that the actions of the defendants were "intentionally or deliberately indifferent" to his "federally protected rights" the court finds that these conclusory allegations are insufficient to state a federal claim.

While the Civil Rights Act confers a right of action sounding in tort upon an individual whose federal rights are trespassed upon by any person acting "under color of state law", it is clear that "not all violations of state law rise to the level of a constitutional tort for purposes of the civil rights statute." Taylor v. Nichols, 409 F.Supp. 927, 933 (D.Kan. 1976), *aff'd*, 558 F.2d 561 (10th Cir. 1977) (citations omitted).  A plaintiff in a civil rights action is required to set forth alleged misconduct and resultant harm in a way which will permit an informed ruling as to whether the wrong complained of is of federal cognizance.  Id., 409 F. Supp. at 934 (citation omitted).  Mere conclusory allegations that unspecified constitutional rights have been infringed will not suffice to state a claim upon which relief can be granted under the Civil Rights Act.  Id. (citations omitted).

Plaintiff's complaint fails to sufficiently identify which of plaintiff's claims are alleged to be "constitutional torts" and which are state law tort claims over which the court would not have original federal jurisdiction.  Most of plaintiff's claims are brought against all defendants, without specifying details regarding the nature or level of participation of each defendant.  To prevail on a claim for damages for a constitutional violation pursuant to 42 U.S.C. § 1983, a plaintiff must establish the defendant acted under color of state law and caused or contributed to the alleged violation.  *See* Snell v. Tunnell, 920 F.2d 673, 700 (10th Cir. 1990).  Plaintiff's complaint was prepared by counsel and is not entitled to the liberal construction applied to *pro se* pleadings.  Nevertheless, to the extent plaintiff's Ninth Cause of

Action could liberally be interpreted to incorporate all of the preceding eight causes of action, the court finds that the Ninth Cause of Action would fail to state a claim under § 1983.  For example, plaintiff's First Cause of Action is for negligence.  However, it is well established that § 1983 liability cannot be premised on merely negligent conduct.  See, e.g., Woodward v. City of Worland, 977 F.2d 1392, 1399 (10th Cir. 1992).  Also, the court notes that plaintiff's Third Cause of Action is another bare-boned claim, alleging malicious prosecution.  The Tenth Circuit has held that the common law elements of malicious prosecution are only the "starting point" for the analysis of a § 1983 malicious prosecution claim.  Taylor v. Meachum, 82 F.3d 1556, 1561 (10th Cir.), cert. denied, 519 U.S. 871 (1996).  In addition, a § 1983 plaintiff asserting malicious prosecution must prove a constitutional violation – "the Fourth Amendment's right to be free from unreasonable searches."  Id.  Plaintiff's complaint does not allege a violation of the Fourth Amendment.  In a claim brought against a City under § 1983, a plaintiff must prove that his or her injury was attributable to a "policy" or "custom" of the City.  Collins v. City of Harker Heights, 503 U.S. 115, 123 (1992).  The complaint does not contain such an allegation against the defendant City of Lawton.

      The court is not obligated to make plaintiff's allegations for him and includes a non-exclusive sampling of possible deficiencies in plaintiff's complaint only to demonstrate that plaintiff's complaint, as filed, is insufficient to allege a

federal claim. It is not the duty of the court or the defendants to ferret out plaintiff's claims and to guess which of his claims are purported to be brought under federal law and which are claims that may be cognizable under the court's supplemental jurisdiction. The court cannot properly evaluate plaintiff's claims under Rule 12(b)(6) without knowing which claims purport to allege claims of constitutional significance. In the absence of properly plead facts supportive of federal civil rights violations, it would be inappropriate for the court to consider plaintiff's state law claims.

The deficient complaint also implicates issues concerning the timeliness of plaintiff's claims. The parties have devoted a substantial portion of their briefs to discussion of the statute of limitations issue. It is not disputed that plaintiff's civil rights claims are governed by Oklahoma's two year statute of limitations for personal injury actions. Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir. 1988). In § 1983 suits, federal law borrows the state statute of limitations for personal injury claims, including the state tolling rules. *See* Brown v. Hartshorne Public Schools, 926 F.2d 959, 962 (10th Cir. 1991). While the general personal injury statute is employed for the statute of limitations, when a § 1983 claim accrues is a matter of federal law. Robinson v. Maruffi, 895 F.2d 649, 655 n. 8 (10th Cir. 1990). Because plaintiff's complaint was filed in federal court on December 28, 2004, seemingly well over two years from the relevant underlying events giving rise to his alleged claims, from the face of the complaint it appears that any

federal claim was filed beyond the applicable period of limitations.  Plaintiff's complaint does not plead a factual predicate for any tolling theory as to his federal claims.  See Aldrich v. McCulloch Props., Inc., 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980) (when dates in complaint make clear that right sued upon has been extinguished, plaintiff has burden of establishing factual basis for tolling).

Plaintiff attempts to argue in his response briefs that because his original state court petition was timely filed, his federal claims are also timely.  However, plaintiff's complaint does not include a factual allegation that his federal civil rights claims were included in his state court petition.  Because of plaintiff's failure to establish a sufficient factual basis, it is not clear that plaintiff's federal claims are timely.  Unless and until federal court jurisdiction is established, it would not be appropriate for the court to consider plaintiff's pendent state law claims.

Because of the above mentioned general deficiencies in plaintiff's complaint, which are not intended to be all inclusive, the court determines that dismissal of the complaint is proper.  Accordingly, to the extent the defendants have argued that plaintiff's complaint is insufficient to state a federal claim, the court finds that their Motions to Dismiss **[Doc. Nos. 6, 7, 10 & 11]** should be and are hereby **GRANTED.**  In light of this order, the court does not address defendants' other arguments for dismissal.

The court notes that in his responses to the defendants' dismissal motions, plaintiff has requested that he be afforded the opportunity to amend his complaint

to provide greater detail of the alleged constitutional violations. Although plaintiff's complaint as filed has been found insufficient to state a federal claim, the court cannot say with certainty that plaintiff can prove no set of facts which would entitle him to relief. Therefore, the court finds that plaintiff's request to amend the complaint should be allowed.

Plaintiff may file an amended complaint, if supported by the facts and applicable law, within thirty (30) days of the date of this order. In this regard, plaintiff is reminded of the obligations imposed by Fed. R. Civ. P. 11, which provides that by presenting a pleading to the court, an attorney is certifying that to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the claims are warranted by the law and that the allegations and other factual contentions have evidentiary support.

It is so ordered this 24th day of March, 2006.

*Tim Leonard*
TIM LEONARD
United States District Judge