IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KEVIN DEWAYNE WATERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-04-1761-L |
| | ) | |
| THE CITY OF LAWTON, a municipal | ) | |
| corporation, WILLIAM "CLIFF" | ) | |
| BLASENGAME, individually and in his | ) | |
| official capacity, CHARLES WHITIS, | ) | |
| individually and in his official capacity, | ) | |
| DAVID SCHUCKER, individually and | ) | |
| in his official capacity, CYNTHIA MILLER, | ) | |
| individually and in her official capacity, | ) | |
| WILLIAM C. RILEY, individually and in his | ) | |
| official capacity, ROBERT SCHULTE, | ) | |
| individually and in his official capacity, THE | ) | |
| STATE OF OKLAHOMA AND JOHN DOES | ) | |
| 1-10, individually and in their official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff Kevin Dewayne Waters brings this civil rights action arising from

his May 9, 1998 arrest for allegedly making an indecent proposal to a minor

under the age of sixteen by electronic means.  On March 24, 2006, the court

granted several motions to dismiss filed by various defendants and allowed

plaintiff to file an amended complaint.  Plaintiff's First Amended Complaint was

filed on April 24, 2006.[1]  All defendants who have appeared in this action have

filed motions to dismiss the First Amended Complaint.  This matter is now before

the court on the Renewed Motion to Dismiss of Defendant, City of Lawton [Doc.

No. 31], Defendant Cynthia Miller's Motion to Dismiss Plaintiff's Amended

Complaint [Doc. No. 32], and the Motions to Dismiss Plaintiff's Amended

Complaint filed by Defendants Blasengame, Whitis and Schucker in Their

Individual Capacities, [Doc. Nos. 33, 34 & 36].  Defendant Miller is identified as

an agent of the Lawton Police Department and defendants Blasengame, Whitis

and Schucker are identified as police officers of the Lawton Police Department.

Plaintiff has responded to the dismissal motions.  Based upon a thorough review

of the motions and responses, as well as the First Amended Complaint, the court

concludes that this action should be dismissed.

It is well settled that a complaint should not be dismissed for failure to state

a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief." Conley v. Gibson, 355

U.S. 41, 45-46 (1957) (footnote omitted); Meade v. Grubbs, 841 F.2d 1512, 1526

(10th Cir. 1988).  The complaint must be construed in the light most favorable to

---

[1]      As the court noted in its March 24, 2006 order, plaintiff has named as additional defendants William C. Riley, individually and in his official capacity, Robert Schulte, individually and in his official capacity, The State of Oklahoma and John Does 1-10, individually and in their official capacity. However, these parties have not been served with process in this action.  The court file reflects that the First Amended Complaint was served only on the parties who had already appeared in this action. Plaintiff has taken no action to indicate that he intends to serve these additional defendants.  As more than 120 days passed since the filing of the original complaint and now more than 120 days have passed since the filing of the First Amended Complaint, the court finds that plaintiff's claims against these additional defendants may be dismissed under Fed. R. Civ. P. 4(m).

plaintiff and all factual allegations in the complaint must be presumed to be true.

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Meade, 841 F.2d at 1526.

The court's March 24, 2006 order noted the court's concerns regarding

whether plaintiff's alleged federal claims were timely.  *See* Order [Doc. No. 29], p.

9 ("Because plaintiff's complaint was filed in federal court on December 28, 2004,

seemingly well over two years from the relevant underlying events giving rise to

his alleged claims, from the face of the complaint it appears that any federal claim

was filed beyond the applicable period of limitations.").  The court noted that

plaintiff had failed to plead a factual predicate for any tolling theory as to his

federal claims and further noted that it would be inappropriate to address

timeliness issues until a basis for federal court jurisdiction was alleged.  In

examining plaintiff's First Amended Complaint, filed in response to the court's

order, the court finds that even accepting the enhanced factual allegations of the

First Amended Complaint as true, the federal and state claims alleged therein are

time-barred or fail to state a claim upon which relief can be granted.

Plaintiff alleges the following constitutional torts pursuant to 42 U.S.C. §

1983: malicious prosecution; false arrest/imprisonment; and false

light/defamation.  First Amended Complaint, ¶ 55.  The court addresses these

claims in turn.  A malicious prosecution claim is actionable under § 1983 as a

violation of a plaintiff's Fourth Amendment right to be free from unreasonable

seizures.  Taylor v. Meacham, 82 F.3d 1556, 1561 (10th Cir. 1996).  The

common law elements of malicious prosecution under state law provide a starting

point for the court's analysis; however, the court must always decide the ultimate

question of whether the plaintiff has also proven a constitutional violation.  Id.  A

§ 1983 plaintiff in such an action must prove a constitutional violation, namely, the

Fourth Amendment's right to be free from unreasonable searches.  Id.  Under

Oklahoma law, the plaintiff in a malicious prosecution action must establish the

following five elements: (1) the bringing of the original action by the defendant; (2)

its successful termination in favor of the plaintiff; (3) want of probable cause to

bring the action; (4) malice; and (5) damages.  Parker v. City of Midwest City, 850

P. 2d 1065, 1067 (Okla. 1993).

    A malicious prosecution claim against a police officer has been deemed to

be "anomalous" because "[t]he principal player in carrying out a prosecution – in

the 'formal commencement of a criminal proceeding' – is not police officer but

prosecutor."  Albright v. Oliver, 510 U.S. 266, 279 n. 5 (Ginsburg, J., concurring).

While courts have recognized that a wrongful arrest could be the first step

towards a malicious prosecution, in most cases the chain of causation will be

broken by a subsequent assessment of probable cause through indictment or

preliminary hearing.  Taylor, 82 F.3d at 1564.  That is not the case, however,

where a police officer caused false or perjured testimony to be presented at the

preliminary hearing.  Id.

Upon review of the allegations of the First Amended Complaint, the court finds that plaintiff has not alleged all the essential elements of a claim for malicious prosecution.  Paragraph 59 of the First Amended Complaint asserts that defendant police officers Blasengame, Whitis, and Schucker, along with Agent Miller, are liable for malicious prosecution and that the acts of these defendants were attributable to the customs and policies of defendant City of Lawton.  Even if the alleged wrongful arrest was initiated by these parties, plaintiff has failed to allege any facts to show that the chain of causation was not broken by the state court's subsequent finding of probable cause.  Although the First Amended Complaint alleges in paragraph 62 that, at the time of trial, defendant police officer Whitis "went so far as to change his testimony from what he originally testified to at the preliminary hearing[,]" this allegation would not be sufficient to show a lack of probable cause for the reason that probable cause had been determined prior to the time of trial, at the preliminary hearing. Plaintiff's allegations, even if true, do not support a claim for malicious prosecution against defendants Blasengame, Whitis, Schucker, Miller and City of Lawton.

Plaintiff's false arrest/imprisonment claim stems from his May 9, 1998 arrest and is clearly barred by the applicable statute of limitations under Tenth Circuit precedent.  Plaintiff's civil rights claims are governed by Oklahoma's two year statute of limitations for personal injury actions. Meade v. Grubbs, 841 F.2d

1512, 1522 (10th Cir. 1988). In § 1983 suits, federal law borrows the state statute

of limitations for personal injury claims, including the state tolling rules.  *See*

Brown v. Hartshorne Public Schools, 926 F.2d 959, 962 (10th Cir. 1991).  Since

the injury in a § 1983 case is the violation of a constitutional right, such a claim

accrues when the plaintiff knows or should know that his or her constitutional

rights have been violated.  Smith v. City of Enid, 149 F.3d 1151, 1154 (10th Cir.

1998).  The general rule is that claims "arising out of police actions toward a

criminal suspect such as arrest, interrogation, or search and seizure, are

presumed to have accrued when the actions actually occur."  Johnson v. Johnson

County Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir. 1991).

Paragraph 21 of plaintiff's First Amended Complaint alleges that he was

wrongfully and illegally arrested and detained on May 9, 1998.  Plaintiff originally

filed his Petition in the District Court of Comanche County, State of Oklahoma, on

January 16, 2002.  First Amended Complaint, ¶ 14.  A First Amended Petition

was later filed.  Id., ¶ 17.  Plaintiff voluntarily dismissed the state court action

without prejudice on December 29, 2003 and filed his Complaint in this court on

December 28, 2004.  Id., ¶18.  Plaintiff asserts that all causes of action alleged in

his First Amended Complaint, including the cause of action for the deprivation of

federal civil rights, were set forth in both the state court Petition and Amended

Petition.

The procedural history of this case reveals that the filing dates are more than two years after plaintiff's arrest on May 9, 1998.  Plaintiff contends that the date he was "exonerated" by the State Court – January 16, 2001 – not the date he was arrested – May 9, 1998 – is the date of accrual for statute of limitations purposes based on Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the Supreme Court held

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted).  The Tenth Circuit has said that for § 1983 claims necessarily challenging the validity of a conviction or sentence, Heck delays the rise of the cause of action until the conviction or sentence has been invalidated.  Beck v. City of Muskogee Police Dept., 195 F.3d 553, 557 (10th Cir.

1999).  However, and significantly in terms of the present case, the Tenth Circuit has stated that "nothing in Heck changes the general rule that causes of action relating to an allegedly illegal arrest arise at the time of the arrest."  Id. at 558. This is because a suspect's proof that police lacked probable cause to arrest him does not necessarily imply the invalidity or unlawfulness of his conviction for the underlying offense.  Laurino v. Tate, 220 F.3d 1213, 1217 (10th Cir. 2000), *citing* Brooks v. City of Winston-Salem, 85 F.3d 178, 182 (4th Cir. 1996).  Plaintiff's allegations do not bring his case into any of the exceptions to the Beck rule that have been recognized by the Tenth Circuit, *i.e.*, when a plaintiff convicted of resisting arrest challenges the underlying arrest or where all the evidence to be presented was obtained as the result of an illegal arrest.  *See* Beck, 195 F.3d at 559 n. 4 and Laurino, 220 F.3d at 1217 n. 3.

The court finds that the statute of limitations on plaintiff's claim for false arrest/imprisonment began to run on the date of his arrest.  Moreover, to the extent plaintiff alleges that the running of the statute of limitations should be tolled due to his incarceration, his claim fails because Oklahoma has no tolling provision for civil lawsuits filed by prisoners.  *See* Battle v. Lawson, 352 F.Supp. 156, 158 (W.D. Okla. 1972) (limitations statutes are not tolled by reason of incarceration under Oklahoma law).  Furthermore, the court finds that plaintiff's argument that his false arrest claim is timely because it was part of a larger

malicious prosecution conspiracy[2] must be rejected because, as stated above,

plaintiff fails to state a claim for malicious prosecution against the moving

defendants.   Lastly, the court rejects plaintiff's reliance on 51 O.S. § 156 to toll

the statute of limitations.  Plaintiff acknowledges that this statute was not in effect

at the time of his arrest, conviction or termination of the state court proceedings.

Accordingly, because the court finds that plaintiff's § 1983 claim based on false

arrest/imprisonment is barred by the two year statute of limitations, it should be

dismissed.

Turning to the remaining federal civil rights claim, the court finds that

plaintiff has no § 1983 cause of action for false light/defamation.  *See* Siegert v.

Gilley, 500 U.S. 226, 234 (1991) (stating that there is no "constitutional protection

for the interest in reputation").  Therefore, this claim, along with plaintiff's other

federal claims, should be dismissed.

The First Amended Complaint, ¶ 56, alleges the following state law tort

claims: intentional infliction of emotional distress; negligent training and

supervision; tortious interference with employment; negligence; malicious

prosecution; false arrest/imprisonment; and false light/defamation.  Because all of

plaintiff's federal claims brought pursuant to § 1983 should be dismissed, the

court finds that it should decline to exercise jurisdiction over plaintiff's state law

---

[2]       Plaintiff does not allege a separate claim that defendants conspired to deprive him of his constitutional rights.

claims.  28 U.S.C. § 1367(c)(3); <u>Taylor</u>, 82 F.3d at 1564 ("Once a federal court dismisses claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over related state law claims.").  Alternatively, due to the lengthy procedural history of this case, the court has considered plaintiff's state law tort claims and finds that they too are untimely and should be dismissed. Plaintiff acknowledges that all of his causes of action have either a one or two year statute of limitations.  Plaintiff's basis for alleging that his claims were timely filed is his argument that the statute of limitations did not begin to run on all of his causes of action until he was exonerated on January 16, 2001.  The court has rejected the theories plaintiff relies on for tolling the statute of limitations in connection with its discussion of plaintiff's claims alleging malicious prosecution and false arrest.  In addition, the court determines that plaintiff's state law tort claims alleging intentional infliction of emotional distress, negligent training and supervision, negligence and false light/defamation all accrued at or before the time of his arrest in May of 1998, more than three and a half years before his initial petition was filed.  There is no valid basis for tolling the statute of limitations on these claims.  Further, plaintiff's claim for tortious interference with employment is brought solely against defendants Schulte and Riley who, the court has noted, have not been served and are not parties to this action.

Accordingly, for the reasons stated above, the court finds that the Renewed Motion to Dismiss of Defendant, City of Lawton **[Doc. No. 31]**, Defendant Cynthia

Miller's Motion to Dismiss Plaintiff's Amended Complaint **[Doc. No. 32]**, and the

Motions to Dismiss Plaintiff's Amended Complaint filed by Defendants

Blasengame, Whitis and Schucker in Their Individual Capacities, **[Doc. Nos. 33,**

**34 & 36]** should be and are hereby **GRANTED.**  This action is **DISMISSED.**

It is so ordered this 25th day of September, 2006.

_____
TIM LEONARD
United States District Judge